## Bender v. Erie

*William G. Sesler,* for plaintiff.
*Lawrence L. Kinter,* for defendant.

McCLELLAND, *J.*, November 17, 1980—In this motion for judgment on the pleadings, the court must first scrutinize the pleadings to determine whether there exists any questions of fact. It is only when there are no unresolved factual issues that a judgment on the pleadings is proper: Milk Marketing Board v. Ohio Casualty Insurance Co., 25 Pa. Commonwealth Ct. 371, 360 A. 2d 788 (1976).

Defendant's answer admits the factual statements contained in plaintiff's complaint, to wit:

(1) plaintiff was employed by the City of Erie as a firefighter from August 7, 1954 until March 14, 1980;

(2) plaintiff was injured in the line of duty and placed on temporary disability in March of 1979;

(3) since March 14, 1980 plaintiff has been on permanent disability status;

(4) when injured in March of 1979 plaintiff was receiving wages of $7.8283 per hour and this is the amount plaintiff received while temporarily disabled;

(5) commencing January 1, 1980 City firefighters received a salary increase from $7.8283 per hour to $8.4281 per hour;

(6) the City refused to attribute the January 1, 1980 increase to plaintiff's salary for the period of his temporary disability.

Thus, the only issue is whether plaintiff is entitled to the salary increase from the period January 1, 1980 to March 14, 1980. Since this is a question of law, this is an appropriate case for disposition based on the pleadings.

Defendant's obligation to the firemen temporarily disabled is governed by the Act of June 28, 1935, P.L. 477, as amended, 53 P.S. §637. The relevant part of that statute states:

"[A]ny fireman . . . of any . . . city . . . who is

injured in the performance of his duties . . . and by reason thereof is temporarily incapacited from performing his duties, shall be paid by the . . . municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased."

While reference is made in the statute to "full rate of salary," there has apparently been no case determining whether that phrase was intended to include general pay increases awarded during the disability period. An examination of statutes in other states also proved inconclusive.

We are not entirely without guidance, though, as the Pennsylvania Attorney General has issued an opinion interpreting section 637.

An opinion promulgated October 9, 1979 expressly overruled Attorney General's Opinion No. 78-3, 5 D. & C. 3d 111 (1978), upon which defendant relies in opposing plaintiff's motion. We believe the opinion leaves no doubt that section 637 should be read so as to maintain parity between employes on temporary disability and those on active duty. The opinion also emphasizes that there is to be no distinction between compensation in the form of a salary and compensation in the form of benefits. The only way that such equality can be achieved is to award general pay increases to persons receiving disability payments pursuant to 53 P.S. §637.

It would be manifestly unfair to penalize a disabled fireman vis-a-vis an able bodied fireman.

Therefore, we sustain plaintiff's motion for judgment on the pleadings and award judgment to plaintiff in the amount prayed for with interest and costs to be paid by defendant.